## EVERETT F. CLEMENTS, Appellant from
## Decree of Judge of Probate.

### Waldo.    Opinion December 27, 1922.

*The language "I give, bequeath and devise to  .  .  .  .  all my estate, real, personal and mixed" devises an unqualified fee to devisee, notwithstanding such language may be followed by language clearly showing an intent that a remainder, if any, is to go to another person.*

The language of the testatrix in the first part of her will devises an unqualified fee to her husband.

Granting that it was her actual intent that whatever remained of her estate at the decease of her husband should go to her nephew, the language she employed in giving expression to her judicial intent in that regard was clearly in violation of the "firmly fixed canons of interpretation."

On appeal on an agreed statement of facts.   The question involved is the interpretation of the only paragraph in the will of Phebe A. Fraser, which reads as follows, to wit:   "I give, bequeath and devise to my beloved husband, John D. Fraser of Belfast, all my estate real, personal and mixed, wherever found and however situated, and should any property remain at the death of my said husband, it is my will that the rest, residue and remainder go to my nephew Everett F. Clements of Waldo, Maine, and I do here appoint Marcellus R. Knowlton of Belfast, sole executor of this my last will and testament without bond."   On a hearing in the Probate Court the judge decreed that the husband, John D. Fraser, took an estate in fee simple, and an appeal was taken. Appeal denied. Decree in accordance with this opinion.

The case is stated in the opinion.

*Arthur Richie*, for appellant.

*Buzzell & Thornton*, for appellee.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, DEASY, JJ.

SPEAR, J.  This case was appealed from the Probate Court to the Supreme Court, and comes from that court to the Law Court,

upon an agreed statement of facts, reported by the Supreme Court of Probate. This was a proper procedure. *Stilphen's Appeal*, 100 Maine, 146. The agreed statement presents for construction one, and the only, paragraph of a will of the following tenor to wit: "I give, bequeath and devise to my beloved husband John D. Fraser of Belfast, all my estate real, personal and mixed, wherever found and however situated, and should any property remain at the death of my said husband, it is my will that the rest, residue and remainder go to my nephew Everett F. Clements of Waldo, Maine, and I do here appoint Marcellus R. Knowlton of Belfast, sole executor of this my last will and testament without bond."

The rules of interpretation, applicable to the language employed by the testator to give expression to his intention in the above quoted paragraph have been so often and so recently promulgated by our court, that an opinion in this case would necessarily be but a repetition of what has been so many times declared. The language of the testator in the first part of her will devises an unqualified fee to her husband. She then expresses a wish by the use of the words "and it is my will," that if anything should remain at his death, it should go to her nephew. Granting that it was her actual intent that whatever remained of her estate at the decease of her husband should go to her nephew, the language she employed in giving expression to her judicial intent was clearly in violation of the "firmly fixed canons of interpretation." *Taylor* v. *Brown*, 88 Maine, 56; *Bradbury* v. *Warren*, 104 Maine, 423 and cases cited. *Barry* v. *Austin*, 118 Maine, 51 and cases cited. *Gregg* v. *Bailey*, 120 Maine, 263, is not in conflict with the foregoing authorities or the present opinion as it was held in the former case that the disposing clause, made without the lifting of the pen and read as a whole, created a life estate.

> *Appeal denied.*
> *Decree in accordance*
> *with this opinion.*